## Cheney Green *vs.* Levi P. Rowland.

A. delivered a chattel to B. under an agreement that it should belong to B., that B. need not pay for it until he sold it, and should then pay a certain price for it; and B. redelivered the chattel to A. for sale. *Held*, that, in the absence of fraud, the title had passed to B. even as against attaching creditors of A.

Action of tort for the conversion of an iron safe, to which the plaintiff claimed title under a sale from M. E. Willey, and which was attached by the defendant as a deputy sheriff on a writ against Willey, upon the ground that such sale was fraudulent and void as against Willey's creditors.

At the trial in the superior court before *Rockwell*, J., it appeared that Willey offered the safe to the plaintiff for fifty dollars, and the plaintiff refused to buy it at any price and pay money for it; that Willey then told him to take it, and he need not pay for it till he sold it, and should then pay fifty dollars for it; that it was formally delivered to the plaintiff, but was never used or paid for by him, and was redelivered by him to Willey to be sold on the plaintiff's account; and that at the time of the sale Willey was insolvent, and the plaintiff knew it. There was also evidence introduced by the plaintiff that the sale from Willey to him was made in good faith, and not for the purpose of defeating, delaying or defrauding Willey's creditors.

The judge, at the request of the defendant, instructed the jury, " that if Willey, being in embarrassed circumstances, had any purpose to put his property out of the reach of attachment in making the conveyance to the plaintiff, and the plaintiff took the conveyance, knowing that purpose, the sale was void as against the creditors, although the debtor might, at the time of making the conveyance, have believed that it would be better for his creditors to make the conveyance, and intended in the end that his creditors should be paid;" and added " that in order to make the sale void it must be tainted with fraud in both parties; that the plaintiff must have known and understood Willey's purpose to defeat, delay and defraud his creditors, and assented to and participated in that purpose."

The defendant asked the court further to instruct the jury, " that if the safe was transferred to the plaintiff with the agreement that he was not to pay anything for it till he sold it, and was then to pay fifty dollars for it, the plaintiff having never sold the safe and having returned it to the possession of Willey, the transfer to the plaintiff was void as against Willey's creditors." But the judge declined so to rule; and instructed the jury, " that the sale was a good sale ; and that it passed the title to the plaintiff, who became liable to sell the safe and pay for it within a reasonable time, and to pay for it whether he sold it or not; leaving the question of fraud to be determined under the instructions already given." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. L. Soule*, for the defendant, cited *Fletcher* v. *Willard*, 14 Pick. 464 ; *Macomber* v. *Parker*, 14 Pick. 497 ; *Oriental Bank* v. *Haskins*, 3 Met. 332.

*G. M. Stearns*, for the plaintiff.

HOAR, J.   We think the instructions given to the jury were substantially correct.   The presiding judge instructed them that, in the absence of fraud, the sale was a good sale; by which we understand that he meant a sale valid between the parties to pass the property.   It was an agreement that the plaintiff should take the property, that it should thenceforth belong to him, that he should pay a price agreed upon, and this agreement was accompanied with a delivery.   These are all the legal requisites to a good sale.

The peculiar agreement as to the credit to be given for the payment of the price, and the subsequent return of the property to the possession of the vendor, were undoubtedly very significant facts for the consideration of the jury upon the question of fraud.   But they did not in themselves necessarily constitute fraud, nor did they make the sale void as against the creditors of the vendor, unless done with a fraudulent intent.   The defendant asked no instructions as to what would constitute fraud against creditors, which were not given by the court, except the request which was thus properly refused.

*Exceptions overruled.*